h CARTER, J.,
dissenting.
I respectfully disagree with the majority opinion. I am of the opinion that the trial court committed legal error in refusing to allow plaintiffs to exercise their remaining peremptory challenges before the entire jury had been accepted and sworn.
All parties agree that the practice of' “back-striking” is frequently used in criminal cases and expressly sanctioned by LSA-C.Cr.P. art. 795 B(l).[1] Louisiana Code of Civil Procedure article 1766 C provides “[a]fter the entire jury has been accepted and sworn, no party has a right to challenge peremptorily.”
The majority opinion concedes that LSA-C.C.P. arts. 1766 and 1767 are taken from the Code of Criminal Procedure and yet in my opinion erroneously concludes that since the similar language is “not identical,” that back-striking is not mandated by the Louisiana Code of Civil Procedure in civil cases. The majority over *798 looks LSA-C.C. art. 11 which provides, m pertinent part, “[t]he words of a law must be given'their generally prevailing meaning.” Louisiana Civil Code article 9 provides:
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature.
Louisiana Revised Statute 1:3 provides:
Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
| ¡.The use of the word “entire” in LSA-C.C.P. art. 1766 C logically means that prior to such time as the jury has been sworn as a body, a party has the right to exercise peremptory challenges (back-strike).
This construction is further supported by Professor Frank L. Maraist and Justice Harry T. Lemmon in their new Louisiana Civil Law Treatise on Civil Procedure:
Peremptory challenges are prohibited “[ajfter the entire jury has been accepted and sworn ....” LSA-C.C.P. art. 1766C. This prohibition clearly applies only after the general swearing, and not when the individual juror (who was earlier sworn to answer truthfully on voir dire) is accepted during the course of voir dire, as is the custom in some districts.
Maraist & Lemmon, 1 Louisiana Civil Law Treatise, § 11.4, p. 277 n. 46 (1999).
I respectfully submit that the majority errs in not reversing the judgment of the trial court and in not conducting a de novo review of the entire record.

. LSA-C.Cr.P. art. 795 B(l) provides "[p]er-emptory challenges shall be exercised prior to the swearing of the jury panel.”